IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT

| | | |
|---|---|---|
| HERMAN G. LUCAS | * | |
| | * | Case Number: 24-11842 |
| | * | Chapter 13 |
| Debtor | * | |

## MOTION TO STAY BANKRUPTCY PROCEEDING TO DETERMINE VALIDITY OF UNDERLYING CREDITOR'S CLAIM

Debtor, Herman G. Lucas, by and through the undersigned counsel, and/or if necessary, *pro se*, hereby files this Motion to Stay Bankruptcy Proceedings to Determine the Validity of Underlying Creditor's Claim and states the following:

1. This bankruptcy primarily concerns one creditor's claim, as the submitted plan provides for full payment to all other creditors.

2. Upon further investigation, it appears that the claim of the principal creditor, Washington Capital Partners (WCP), stems from an alleged deficiency following a non-judicial foreclosure on a residential property located at 2920 Vista Street, N.E., Washington, D.C. *See* Exhibit 1, which includes the Notice of Foreclosure related to the purported non-residential mortgage.

3. At all relevant times during the foreclosure, the subject 2920 Vista Street property had a residential tenant occupying the premises. *See* Exhibit 2 Showing Lease and Lease Extension Addendum.

4. The Debtor reasonably believes that the foreclosure was improper, as it should have been conducted through judicial foreclosure proceedings and failed to comply with the District of Columbia's Tenant Opportunity to Purchase Act (TOPA).



5. Further, the Debtor's tenants at 2920 Vista Street, N.E. made a *bona fide* offer to purchase the property, which was ignored by WCP. This offer was notably higher than the amount for which WCP ultimately acquired the property at the non-judicial foreclosure auction.

6. The Debtor contends that WCP's claim in this bankruptcy proceeding is invalid because the underlying non-judicial foreclosure, which gave rise to this claim, was itself invalid.

7. Although WCP's lien was based on a non-residential loan, the subject property in D.C. was residential and had tenants occupying the premises, making it subject to the protections of TOPA.

8. The Debtor seeks a stay of this bankruptcy proceeding to litigate the matter in D.C. Superior Court, the appropriate jurisdiction for resolving these issues, particularly due to its familiarity with TOPA laws.

9. Docket 50 mentioned that Debtor's counsel is "no longer involved" due to his suspension from the Maryland Bar.

10. However, Maryland Attorneys' Rule 19-741(a)(1) provides that the attorney has 15 days from the entry of the suspension order to conclude matters.

11. Additionally, under Maryland Attorneys' Rule 19-741(a)(2), an attorney must take, or cause to be taken, any action immediately necessary to protect the interests of a client.

12. This motion is necessary to protect the Debtor's interests, as the validity of WCP's underlying claim must be resolved in D.C. Superior Court.

WHEREFORE, Debtor respectfully requests a stay of the present bankruptcy proceeding to litigate the validity of WCP's claim in D.C. Superior Court.

Dated: September 10, 2024                    Respectfully submitted,

                                             _/s/__/Francis Koh/_____
                                             Francis H. Koh
                                             Koh Law Firm, LLC
                                             4800 Hampden Lane, Suite 200
                                             Bethesda, MD 20814
                                             (301) 881-3600


                                             Counsel for Debtor

    Alternatively, if the court does not recognize the submission of this pleading by Francis Koh, Debtor hereby adopts the aforementioned as his own and submits it *pro se*.


Dated: September 10, 2024                    Respectfully Submitted,


                                             /S/ /Herman Lucas/
                                             Herman G. Lucas

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 10th day of September, 2024, a true copy of the foregoing was sent via ECF and/or mailed first-class mail, postage prepaid, upon all relevant parties on the creditor's matrix, most notably Washington Capital Partners/WCP Fund 1 LLC:

Office of the United States Trustee
6305 Ivy Lane, Ste. 600
Greenbelt, MD 20770

Washington Capital Partners (WCP Fund 1 LLC)
C/O Maurice Verstandig
1050 Connecticut Avenue, NW
Suite 500
Washington, D.C. 20036

PNC Bank
C/O Daniel J. Pesachowitz
SIWPC
6100 Executive Blvd. Suite 400
Rockville, MD 20852

Respectfully submitted,

__/S/_/Francis Koh/_____
Francis Koh (Bar No. 16144)
Koh Law Firm, LLC
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
(301) 881-3600
fkohmail@gmail.com


Alternatively, Respectfully Submitted by

Herman G. Lucas /S/