IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT

HERMAN G. LUCAS          *

                                 *     Case Number: 24-11842

                                 *     Chapter 13

        Debtor                 *

**MOTION TO LIFT AUTOMATIC STAY FOR CAUSE UNDER 11 U.S.C. § 362(d)(1) TO ALLOW DEBTOR TO LITIGATE THE VALIDITY OF CREDITOR'S CLAIM**

The Debtor, Herman G. Lucas, by and through undersigned counsel, and/or *pro se* if necessary, hereby moves this Honorable Court to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow the Debtor to litigate the validity of a creditor's claim in the Superior Court of the District of Columbia and states the following:

**I. Background**

1. This bankruptcy proceeding primarily concerns a single creditor's claim, that of Washington Capital Partners (WCP). The latest submitted plan treats all other creditors with full payment.

2. WCP's claim arises from an alleged deficiency following a non-judicial foreclosure on residential property located at 2920 Vista Street, N.E., Washington, D.C. The foreclosure was initiated under the pretense of a non-residential mortgage, as shown in Exhibit 1, the Notice of Foreclosure.

3. The 2920 Vista Street property during all relevant times was occupied by a tenant with a residential lease in place. *See* Exhibit 2 Showing Lease and Addendum.

4. The Debtor reasonably believes that the foreclosure was improper and invalid, as the property should have been subject to judicial foreclosure proceedings and required compliance with the District of Columbia's Tenant Opportunity to Purchase Act (TOPA).

1

5. At the time of the foreclosure, the Debtor's tenants at 2920 Vista Street, N.E. made a *bona fide* offer to purchase the property. This offer, which was higher than the amount for which WCP ultimately purchased the property at the non-judicial foreclosure auction, was ignored by WCP.

6. The Debtor contends that WCP's claim in this bankruptcy proceeding is invalid because the underlying non-judicial foreclosure action was conducted in violation of D.C. law, rendering the creditor's claim against the estate improper.

7. The property in question was residential and tenant-occupied, which subjects it to the protections of TOPA, despite WCP's lien being based on a non-residential loan.

**II. Legal Basis for Relief from Stay**

7. Under 11 U.S.C. § 362(d)(1), the court may grant relief from the automatic stay for "cause." What constitutes "cause" is determined on a case-by-case basis, and bankruptcy courts have wide discretion in making this determination. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

8. Courts commonly lift the automatic stay to allow litigation in another forum when doing so serves judicial economy and does not prejudice the bankruptcy estate. In *re White*, 851 F.2d 170, 174 (6th Cir. 1988).

9. Judicial economy and efficient resolution of legal issues favor allowing the validity of WCP's claim to be litigated in the D.C. Superior Court, which has the requisite familiarity and expertise with D.C. property law, including TOPA. The D.C. Superior Court is the most appropriate forum for resolving the complex state law issues at the heart of this dispute.

10. Continuing to litigate this matter in the bankruptcy court would not only duplicate efforts but would also deprive the Debtor of an opportunity to fully litigate these claims in the proper state court venue, where the alleged foreclosure violations occurred.

11. Given the substantial pre-existing litigation in D.C. Superior Court and the necessity of interpreting D.C. statutes such as TOPA, "cause" exists to lift the stay and permit the D.C. Superior Court to resolve these matters. *In re Tristar Auto. Grp., Inc.*, 141 B.R. 41, 45 (Bankr. S.D.N.Y. 1992).

12. Docket 50 mentioned that Debtor's counsel is "no longer involved" due to his suspension from the Maryland Bar.

13. However, Maryland Attorneys' Rule 19-741(a)(1) provides that the attorney has 15 days from the entry of the suspension order to conclude matters.

14. Additionally, under Maryland Attorneys' Rule 19-741(a)(2), an attorney must take, or cause to be taken, any action immediately necessary to protect the interests of a client.

15. This motion is necessary to protect the Debtor's interests, as the validity of WCP's underlying claim must be resolved in D.C. Superior Court.

### III. Conclusion

12. Based on the foregoing, the Debtor respectfully requests that this Honorable Court lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow the Debtor to litigate the validity of WCP's claim in the Superior Court of the District of Columbia, which is the proper forum to resolve this dispute.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court:
Grant this Motion to Lift the Automatic Stay to permit the Debtor to litigate the validity of WCP's claim in the D.C. Superior Court, and any other relief as this Court deems just and proper.

Dated: September 10th, 2024                               Respectfully submitted,

/s/ /Francis Koh/
Francis H. Koh
Koh Law Firm, LLC
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
(301) 881-3600

Counsel for Debtor

Alternatively, if the court does not recognize the submission of this pleading by Francis Koh, Debtor hereby adopts the aforementioned as his own and submits it *pro se*.

Dated: September 10th, 2024                 Respectfully Submitted,

/S/ /Herman Lucas/
Herman G. Lucas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of September, 2024, a true copy of the foregoing was sent via ECF and/or mailed first-class mail, postage prepaid, upon all relevant parties on the creditor's matrix, notably Washington Capital Partners/WCP Fund 1 LLC:

Office of the United States Trustee
6305 Ivy Lane, Ste. 600
Greenbelt, MD 20770

Washington Capital Partners (WCP Fund 1 LLC)
C/O Maurice Verstandig
1050 Connecticut Avenue, NW
Suite 500
Washington, D.C. 20036

PNC Bank
C/O Daniel J. Pesachowitz
SIWPC
6100 Executive Blvd. Suite 400
Rockville, MD 20852

4

Respectfully submitted,

__/S/_/Francis Koh/_____
Francis Koh (Bar No. 16144)
Koh Law Firm, LLC
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
(301) 881-3600
fkohmail@gmail.com


Alternatively, Respectfully Submitted by

/Herman G. Lucas/ /S/