**MARIA ELLENA CHAVEZ-RUARK, U.S. BANKRUPTCY JUDGE**

Evidentiary Hearing: NO
Exhibits Filed: NO

PROCEEDING MEMO − CHAPTER 13

**Case: 24-11842-MCR**  Date: 11/5/2024 at 10:30 a.m.
**Herman G. Lucas**

Appearances:  Herman G. Lucas, pro se Debtor
Benjamin J. Beatty, counsel for Chapter 13 Trustee

Also present:  Erica Wise, Debtor's daughter

[23] Objection to Confirmation of Plan Filed by PNC Bank, National Association (related document(s)21 Chapter 13 Plan filed by Debtor Herman G Lucas).

[47] Objection to Confirmation of Plan Filed by PNC Bank, National Association (related document(s)42 Amended Chapter 13 Plan filed by Debtor Herman G Lucas). (Attachments: # 1 Proposed Order)

[48] Order Denying Confirmation of Chapter 13 Plan with Leave to Amend (related document(s)42 Amended Chapter 13 Plan Amount of Payments per Month: $100, Number of Months:36 filed by Debtor Herman G Lucas). Amended Chapter 13 Plan due by 9/2/2024. Confirmation hearing to be held on 10/8/2024 at 10:00 AM. Virtual confirmation hearing - Contact case trustee for hearing information.

[56] Motion to Stay Bankruptcy Proceeding to Determine Validity of Underlying Creditor's Claim Filed by Francis Koh , Herman G Lucas . (Attachments: # 1 Support Document)

[57] Motion to Lift Automatic Stay for Cause Under 11 U.S.C. 362(d)(1) to Allow Debtor to Litigate the Validity of Creditor's Claim Filed by Francis Koh , Herman G Lucas . (Attachments: # 1 Support Document # 2 Residential Lease # 3 Addendum # 4 Proposed Order)

COMMENTS:  The Debtor filed this case on 3/5/24.  The Trustee reported that eight payments have come due, that the Debtor made one double payment ($200) in May, that the Debtor has not made any other payments, that the Debtor has not provided requested documents (petition date bank statements and tax returns), that the Debtor has not filed business reports, that the Debtor has not amended Form 122C (form shows no income but Debtor receives pension and rental income), and that the Debtor has $2M in assets but only small claims requiring funding of approximately $10,000 for a 100% plan.  The Trustee requests that the Court dismiss the case and retain jurisdiction to seek sanctions and/or disgorgement of fees with regard to the Debtor's former counsel.  (He was suspended as of 5/17/24 but filed numerous pleadings after that.)

                Ms. Wise reported that she uploaded an amended Form 122C, a DSO affidavit, and an amended plan to the Trustee's document portal, but the Court confirmed that these documents were not filed with the Court.  Ms. Wise talked to several attorneys who said they were not willing to get involved based on the status of the case.  She also reported that the Debtor wanted to address only WCP through the plan, not his other creditors.

                The Court again encouraged the Debtor to obtain experienced bankruptcy counsel to represent him and reminded the Debtor and Ms. Wise that a pro se litigant must meet all of the same procedural and statutory requirements that a represented party must meet.  The Court will dismiss the case because the Debtor is no closer to confirming a plan today than he was when he filed the case eight months ago, there is no plan on file (let alone a plan reasonably susceptible to confirmation), and the Court believes the Debtor may have a better chance of engaging counsel if the case is dismissed.

DISPOSITION:      Status conference held.  Case dismissed.  Court will retain jurisdiction with regard to any issues relating to Francis Koh's fees and prior representation.  Court will prepare the order.