UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
|     Herman G. Lucas, | : | Case No. 24-11842-LSS |
| | : | Chapter 13 |
|     Debtor. | : | |
| | : | |

**<u>MOTION FOR ORDER TO JUSTIFY AND DISGORGE ATTORNEY FEES</u>**

NOW COMES Rebecca A. Herr, Chapter 13 Trustee in the above-captioned case, by and through her undersigned counsel, pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, and moves this Court for an Order to Francis Koh ("Mr. Koh"), to justify his attorney's fees and, if no justification exists, to disgorge his attorney's fees along with any other appropriate sanction this Court should impose. In support of her motion, the Trustee respectfully represents the following:

    1.    Herman G. Lucas ("Debtor") filed this case on March 5, 2024.

    2.    Mr. Koh filed a disclosure statement at ECF 4 indicating he had accepted a retainer of $4000.00 to represent Debtor, with an hourly rate of $350.00 per hour.

    3.    However, Debtor's Statement of Financial Affairs at question 16 indicates "no" to a question of whether any money was transferred for bankruptcy services. See ECF 1.

    4.    At the time of filing, Debtor did not file his credit counseling certificate, social security page or a chapter 13 Plan. Mr. Koh filed motions to extend time at ECF 10 and 13 to do so.

    5.    Debtor was given until March 28, 2024 to file the Chapter 13 Plan. See ECF 15 and 19.

    6.    Debtor filed his Plan at ECF 21 on March 28.

7. On April 10, 2024, Debtor filed amended schedules at ECF 24, and received a deficiency. On April 11, Debtor again filed a new set of amended schedules at ECF 26.

8. The Original set of Schedules filed at ECF 1 list two pieces of real estate in Maryland with no values, no household goods on Schedule B, three bank accounts totaling $74,000, a blank Schedule C, two secured creditors on Schedule D, a blank Schedule F, a Schedule I that lists as income $1600 pension, and a blank Schedule J. Further the Statement of Financial Affairs questions 4 and 5 are not filled out. Even though a pension figure was listed on Schedule I, the Form 122C at ECF 5 lists $0.00 for question 9. See ECF 5.

9. The second set of Schedules also contains numerous errors but was quickly amended.

10. The third set of Schedules at ECF 26, now lists an additional piece of real estate in District of Columbia with a combined Schedule A value of $1,800,000; household goods with a combined value of $1000; additional bank accounts which a combined value of $211,381; the Schedule C impermissibly exempts all of this cash (some as qualified retirement accounts); Schedule D now lists 4 secured creditors; Schedule F now lists 3 creditors; Schedule I now lists rental income of $5540 per month; and the Schedule J lists some expenses. In other words, these schedules are not merely amendments, they are radically different from the original filed schedules. However, the Form 122C was never amended. Nor did any of these new creditors even get notice of the case, or notice of deadline to file claims, as an amended matrix was never filed by Mr. Koh.

11. The Clerk set the 341 meeting of creditors for April 18, 2024. No 521 documents were sent to the trustee by Mr. Koh, and the meeting was canceled. Mr. Koh finally uploaded

some 521 documents on April 23 and 27 to the trustee, and the meeting was reset for May 23, 2024.

12. When the Section 341 Meeting of Creditors was conducted, Debtor testified to receiving additional rental income from the DC property in the amount of $4310. No profit and loss statements or rental leases for the other property were provided to the trustee. Further, the trustee held the 341 open in order for Debtor to provide his 2023 taxes to the trustee. The trustee never received these documents before the Court dismissed this case.

13. Given the lack of 521 documents, the Trustee questions how Mr. Koh prepared the Statements and Schedules, particularly Form 122C. The filed Form 122C lists zero total income whereas the actual figure should be approximately $11,517 per month, or an annualized figure of $138,204; which would make this Debtor above median. Given the numerous deficiencies and discrepancies as outlined above, the Trustee questions the accuracy of all the Schedules and Statements.

14. The plan at ECF 21 was facially not confirmable. Despite improper notice, PNC filed proof of claims 1, 3 and 4; none of which were treated in the plan. Paragraphs 1.2, 1.3 and 5 were not filled out. WCP arrears were listed in 4.6.2 for an estimated $232,842. Mr. Koh failed to list his $4000 fee in 4.3 of the plan. The total plan base proposed in 3.1 was $9000, despite a estimated claim of $242,842 for the trustee to pay. Finally, even though Debtor had over $1,039,000 in real estate equity, the plan lists a distribution to unsecured creditors as pro rata instead of 100%.

15. Despite the plan listing estimated arrears to WCP for the trustee to pay, despite filing motions to compel at ECF 29, and receiving an Order to compel turnover, Mr. Koh never

filed a protective proof of claim for WCP under Rule 3004 or a motion to enlarge time.  The ability to do so lapsed after June 13, 2024.

16. On June 25, 2024, the Court issued an Order denying confirmation with leave to amend at ECF 40.

17. The amended Chapter 13 Plan filed at ECF 42 suffers from many of the same exact issues as the first plan proposed.  Sections 1.2 and 1.3 are still not filled out.  Despite marking Section 4.7 to pay 100%, this plan reduced funding to a total plan base of $3600, making the plan underfunded on its face.  Neither of the three PNC secured claims are properly treated.  Section 9 also lists a nonsensical provision: "Secured Creditor WCP, with 2nd trust on Peabody property, claim to be clarified/verified."  This plan was facially not confirmable.

18. On August 27, 2024, the Court issued a notice that Mr. Koh was no longer counsel of record for Debtor because he had been disbarred.

19. According to the order entered by the Supreme Court of Maryland, Mr. Koh had been disbarred in Virginia on May 17, 2024.  This reciprocal order was made retroactive in Maryland also dating back to May 17, 2024.  See Exhibit 1.  Presumably, this means Mr. Koh was disbarred at the time the trustee conducted the meeting of creditors on May 24, as well as the additional pleadings he filed at ECF 42, 56, 57 and 58.

20. According to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b), every attorney for a debtor must file with the Court a statement of the compensation paid for the services rendered or contemplated to be rendered in connection with the case.  Further, § 329 allows the court to review and adjust compensation if "such compensation exceeds the reasonable value of any such services."  In enacting this section, Congress sought to police payments to counsel to guard against overreaching by the debtor's attorney and provide protection for creditors. *Jensen v. U.S. Trustee*

(*In re Smitty's Truck Stop*), 210 B.R. 844, 848 (10th Cir. BAP 1997); *In re Dixon*, 143 B.R. 671, 676 (Bankr. N.D. Tex. 1992).

21. Mr. Koh has never filed a motion for compensation pursuant to 11 U.S.C. § 330 in this case.

22. The compensation Mr. Koh has received in this case likely exceeds the value of the services provided. Here, Mr. Koh continued to represent Debtor months after being disbarred. The Schedules and Statements are replete with errors and contradictions; basic § 521 documents were never reviewed or provided to the trustee. The whole purpose of this case was to presumably deal with an in rem action against the District of Columbia property, yet this debt was never properly scheduled to be paid, nor was a claim ever filed. If the creditor did not wish to participate, Mr. Koh should have filed a claim for them. That failure alone doomed this case.

23. For the above reasons, Mr. Francis Koh should be required to justify or disgorge the attorney's fees paid to him by the Debtor.

24. Further, if the Court so chooses, sanctions may be appropriate in this case. Bankruptcy Code § 105 "gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2007) (citations omitted). Further, this Court has authority under Local Bankruptcy Rule 1001-1(d) to impose sanctions as appropriate. The Trustee is particularly concerned that Mr. Koh, in essence, continued to practice law in this case without a license to do so in this Court, and at minimum failed to notify the trustee of his ability to represent Debtor at the Meeting of Creditors, while continuing to file pleadings in this case.

WHEREFORE, for the foregoing reasons, the Chapter 13 Trustee respectfully requests that this Court (a) grant the Motion for Order to Justify Fees, (b) order Francis Koh to disgorge fees to the Debtor in the amount of $4000 and provide proof of the payment in certified funds, (c) assess sanctions, including monetary sanctions if appropriate, and (d) grant such other and further relief as this Court deems just and proper.

Date:  November 18, 2024

Respectfully submitted,

Rebecca A. Herr
Chapter 13 Trustee

By Counsel:

/s/ Benjamin J. Beatty
Benjamin J. Beatty, Bar No. 28193
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD  21401
Tel: 301-805-4700
Fax: 301-805-9577
Email: bbeatty@ch13md.com

## CERTIFICATE OF SERVICE

I hereby further certify that on the 18 November 2024, a copy of the *Motion to Justify or Disgorge Fee* was mailed first class mail, postage prepaid to:

Francis H. Koh
4800 Hampden Lane, Suite 200
Bethesda MD 20814

Herman Lucas
2005 Peabody St
Hyattsville MD 20782
(Debtor)

/s/ Benjamin J. Beatty
Benjamin J. Beatty
Counsel to Chapter 13 Trustee,
Rebecca A. Herr